IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CONNIE DREAD                                                                    PLAINTIFF

v.                                            Case No. 1:06-cv-1105

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                 DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Connie Dread,  brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying her claims for a period of disability, disability insurance benefits (DIB), under the provisions

of Title II of the Social Security Act (Act), and supplemental security income (SSI) benefits under

the provisions of Title XVI of the Social Security Act (Act). The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  (Doc. No. 8).[2]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo
Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

**1. Procedural Background:**

Plaintiff filed her applications for DIB and SSI on March 16, 2004, alleging an onset date of March 11, 2004. (Tr. 49-51). Plaintiff's impairments included back and hip pain. (Tr. 77). Plaintiff's applications were denied initially and on reconsideration. (Tr. 28-31). Pursuant to Plaintiff's request, a hearing before an Administrative Law Judge (ALJ) was held on September 14, 2005. The Plaintiff was present and represented by counsel, Denver L. Thornton, at the hearing. Also testifying was Mack Welch, a vocational expert (VE). (Tr. 124-143). After considering all of the evidence of record, the ALJ rendered a decision on July 25, 2006, finding Plaintiff not disabled within meaning of the Act at anytime during the relevant time period. (Tr. 13-20). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 27, 2006. (Tr. 4-6).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)©. A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final

3

stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled. She claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984); the ALJ did not appreciate Plaintiff's impairments and medical evidence; and the ALJ presented a flawed hypothetical question to the VE.  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints in accordance with *Polaski*; substantial evidence supports the ALJ's RFC determination; and the ALJ obtained proper VE testimony.

**A. *Polaski* Analysis**

The Plaintiff claims the ALJ erred in his determination that Plaintiff's subjective complaints of pain were not fully credibility.  The Plaintiff asserts the ALJ performed an improper *Polaski* evaluation.  The Defendant argues there is substantial evidence in the record to support the ALJ's credibility determination.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The ALJ is not required

4

to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991). The ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors. *See Cline*, 939 F.2d at 565.

In the present action, the ALJ  indicated he considered the *Polaski* factors*, however, there was no review of or mention of several of the factors.  Specifically, the ALJ makes no reference to any of the medications taken by Plaintiff, even though the record indicates Plaintiff's use of prescription and over-the-counter medications.  (Tr. 57, 64, 75, 82, 93).

The ALJ does mention some of Plaintiff's daily activities, but does not indicate how these are inconsistent with Plaintiff's alleged level of pain.  (Tr. 17).    The ALJ also found Plaintiff's statements concerning intensity, duration, and limiting effects of her symptoms were not entirely credible, but again fails to indicate how they are inconsistent with her alleged level of pain or any of the medical records.  (Tr. 17).  It is not enough that inconsistencies exist, the ALJ must set forth the inconsistencies in the evidence and discuss them.  *See Cline v. Sullivan,* 939 F.2d 560, 567 (8th Cir. 1991).

Because the ALJ did not properly examine the five *Polaski* factors, this case should be reversed and remanded for a full *Polaski* analysis.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of *Polaski* must be performed.[3]

### B. Consultative Orthopedic Evaluation

One issue not raised as a point of error by the Plaintiff, but mentioned in Plaintiff's brief, is the question of the completeness of the consultative orthopedic evaluation, performed by Dr. D'orsay Bryant, following Plaintiff's administrative hearing.  (Doc. 7 Pg. 13).  Following the hearing, the ALJ sent Plaintiff to Dr. Bryant for consultative orthopedic evaluation.  (Tr. 113-114).  In performing the exam, Dr. Bryant did not have the benefit of the results of a lumbar MRI performed on Plaintiff

---

[3]Because I find the ALJ did not properly apply *Polaski* the Court will not address the other issues raised by Plaintiff.

on August 13, 2005.  (Tr. 110).  The MRI indicated several medical issues including: (1) Mild central canal and bilateral lateral recess stenosis at the L4-L5 level; and (2) Severe discogenic degenerative discopathy at the L5-S1 level.  (Tr. 110).  The lumbar MRI report of Plaintiff also found a severe disc volume loss of the L5-S1 disc and a mild to moderate bulge at the L4-L5 disc level. (Tr. 110).       Following remand, the ALJ should forward a copy of Plaintiff's MRI to Dr. Bryant and request Dr. Bryant perform a supplemental report based on his review of the MRI.

### C.  Plaintiff's Lack of Finances

Also not raised as a point of error by Plaintiff, but discussed in her brief, is Plaintiff's lack of finances to obtain medical treatment.  (Doc. 7 Pgs. 8-9).  The ALJ found Plaintiff had a very limited treatment history.  (Tr. 17).  The inability to follow a prescribed regimen of medication and therapy because of financial hardship, may be taken into consideration when determining whether to award benefits. *See Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir. 2004).  Medical records from Dr. Cathryan Gonzales indicate Plaintiff was delayed in obtaining an MRI and not able to obtain medications due to lack of finances.  (Tr. 96, 111).  Furthermore, according to Plaintiff's testimony at her administrative hearing, Plaintiff receives government assistance for housing and food and has no medical insurance.  (Tr. 129-130).

On remand, the ALJ should make findings on the effect of Plaintiff's financial status as it relates to Plaintiff's treatment history.

### 4. Conclusion:

 The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, the decision of the ALJ denying benefits to the Plaintiff is not

supported by substantial evidence and should be reversed.  This matter should be remanded to the

Commissioner for further action consistent with this opinion

      **ENTERED** this **27th day of September, 2007.**

                      /s/  Barry A. Bryant
                      HON.  BARRY  A. BRYANT
                      U. S. MAGISTRATE JUDGE